United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Jose G. Rico-Mutiz  
Amalia B. Becerra-Martinez  
    Debtors

Case No. 17-10047-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Christina     Page 1 of 1     Date Rcvd: Dec 06, 2018  
                        Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 08, 2018.  
db/jdb      +Jose G. Rico-Mutiz,   Amalia B. Becerra-Martinez,   1229 Unruh Ave.,   Philadelphia, PA 19111-4933

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 08, 2018                                                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 6, 2018 at the address(es) listed below:  
        ERIK B. JENSEN    on behalf of Joint Debtor Amalia B. Becerra-Martinez akeem@jensenbagnatolaw.com, gilberto@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com  
        ERIK B. JENSEN    on behalf of Debtor Jose G. Rico-Mutiz akeem@jensenbagnatolaw.com, gilberto@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com  
        LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                                                                                                                TOTAL: 7

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Jose G. Rico-Mutiz and | : | |
| Amalia B. Becerra-Martinez, | | Bankruptcy No. 17-10047-mdc |
| Debtors. | : | |

# O R D E R

**AND NOW**, pursuant to the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Erik B. Jensen (the "Applicant"), counsel to the Debtors, the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant was previously paid $915.00 by the Debtors (the "Pre-Paid Amount").

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, this case involves the representation of a below-median debtor. *See generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor is above median or below median); Official Form B-122C (requiring more financial disclosure from above-median debtors).

---

[1] Bankr. Docket No. 27.

**AND**, pursuant to L.B.R. 2016-3(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $4,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant has elected to file the Application pursuant to L.B.R. 2016-3.

**AND**, this Court entered an Order dated October 25, 2018 (the "Confirmation Order")[2] confirming the Debtors' Third Amended Chapter 13 Plan (the "Plan").[3]

**AND**, as provided by the Plan, the total payments allowed to the Applicant were to be $3,000.00. Plan, ¶3.

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1.  The Application is **GRANTED IN PART** and **DENIED IN PART**.

2.  Consistent with the Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

---

[2] Bankr. Docket No. 57.

[3] Bankr. Docket No. 53.

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: December 5, 2018

_____
THE HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Erik B. Jenson, Esquire
Jensen Bagnato, PC
1500 Walnut Street, Suite 1920
Philadelphia, PA 19102

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107